JOYCE DAVIS

V.

DANIEL T. MALONEY

Record No. 911080

April 17, 1992

Present: All the Justices

No argument for Joyce Davis.
No brief or argument for Daniel T. Maloney

JUSTICE KEENAN delivered the opinion of the Court.

The dispositive issue in this appeal is whether a person must be a resident of Virginia in order to qualify for the poor debtor's exemption under Code § 34-26.

Joyce Davis filed a motion for judgment alleging breach of contract arising from her accommodation endorsement of a promissory note made by Daniel T. Maloney to obtain funds for the purchase of a truck. Upon Maloney's subsequent default, Davis paid the noteholder $10,541, which represented the balance due and owing on the note. Finding that Maloney had breached his contract with Davis as a result of his default on the note, the trial court awarded Davis judgment in the principal amount of $10,541.

Pursuant to a writ of "Actual Levy" issued by the trial court, the Sheriff of Fairfax County seized the truck, which was titled in Maloney's name. Following this seizure, Maloney filed for an exemption under Code § 34-26.*

At the exemption hearing, Maloney's employer, James Heslep, testified that Maloney needed the truck to perform his job as a master carpenter because his duties included the transport of workers and materials among various job sites. Heslep also testified that Maloney resided in Pennsylvania and that, during the work week, he slept each night at one of the job sites. The record also reveals that, in his request for an exemption, Maloney listed his address as RR #2, Box 355, Ligonier, Pennsylvania. Further, the sheriff's return on the levy shows that Maloney's truck was registered in Pennsylvania.

In a memorandum filed with the trial court, Davis argued that a person must be a resident of Virginia in order to qualify for an

---

* Code § 34-26 provides in pertinent part:

**Poor debtor's exemption; exempt articles enumerated.** In addition to the exemptions provided in Chapter 2 (§ 34-4 *et seq.*) of this title, every householder shall be entitled to hold exempt from creditor process the following enumerated items: . . .

(7) Tools, books, instruments, implements, equipment, and machines, including motor vehicles, vessels, and aircraft, which are necessary for use in the course of the householder's occupation or trade not exceeding $10,000 in value, except that a perfected security interest on such personal property shall have priority over the claim of exemption under this section.

exemption under Code § 34-26. Davis asserted that, based on the evidence presented, Maloney was not a resident of Virginia.

The record before us does not show that the trial court ruled on the residency issue. Instead, it reflects that the court held that Maloney's vehicle was a "tool of the trade" within the meaning of Code § 34-26 and that, as such, it was exempt from seizure. This appeal followed.

In support of her argument that a debtor must be a resident of Virginia in order to qualify for an exemption under Code § 34-26, Davis cites the provision of that section which states that the exemption is available to "every householder." Further, Code § 34-1, which sets forth the definitions applicable to all of Title 34, provides that householder "means any resident of Virginia."

We agree with Davis that this definition resolves our inquiry. Since Code § 34-26 specifically states that its coverage extends to "every householder," and it does not list any other category of persons entitled to protection thereunder, we conclude that in order to qualify for an exemption under Code § 34-26, a debtor first must be a resident of Virginia. The evidence before the trial court was uncontroverted that Maloney was a resident of Pennsylvania at the time he sought an exemption under Code § 34-26. Accordingly, we will reverse the judgment of the trial court and remand this case to it for sale of the vehicle as provided by law.

*Reversed and remanded.*